UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                    :
**SEKOU CAMERA**,                                                   :
                                                                    :
                                        Plaintiff,                  :
                                                                    :   **MEMORANDUM DECISION AND**
                        – against –                                 :   **ORDER**
                                                                    :   24-CV-5886 (AMD) (TAM)
                                                                    :
**NEW YORK CITY DEPT OF SOCIAL**                                    :
**SERVICES, FRANCES PARDUS-**                                       :
**ABBADESSA; FAMILY COURT OF THE**                                  :
**STATE OF NEW YORK, COUNTY OF KINGS,**                             :
**MIRNA MOMPELAS, SUPPORT**                                         :
**MAGISTRATE; NEW YORK STATE DEPT.**                                :
**OF MOTOR VEHICLES, MARK J.F.**                                    :
**SCHROEDER, COMMISSIONER; THE U.S.**                               :
**DEPARTMENT OF STATE, RACHEL M.**                                  :
**ARNDT, DEPUTY ASSISTANT SECRETARY**,                              :
                                                                    :
                                        Defendants.                 :
                                                                    :
------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

On August 20, 2024, the *pro se* plaintiff brought this action against the defendants.  He

makes various claims, all of which apparently stem from a New York Family Court judgment of

child support arrears.  The Court grants the plaintiff's application to proceed *in forma pauperis*

("IFP") (ECF No. 2) pursuant to 28 U.S.C. § 1915(a).

For the reasons explained below, the complaint is dismissed.

## BACKGROUND

The plaintiff brought this action pursuant to 42 U.S.C. § 1983 and other federal laws

seeking to overturn a 2017 judgment of child support arrears entered by Support Magistrate

Mirna Mompelas of the Kings County Family Court.  (ECF No. 1 at 9–10.)  He alleges that the

order was based on "fraudulent pretenses," but does not explain what this means.  (*Id.* at 9.)  The

plaintiff alleges that the Department of Motor Vehicles denied him "the right to have a driver's license" and that the United States Department of State denied him "the right to have a United State[s] Passport to travel," based on the child support arrears. (*Id.* at 10.) He seeks $7 million in damages. (*Id.* at 12.)

## LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although a *pro se* plaintiff's pleadings are held "to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a district court must dismiss an *in forma pauperis* action if the complaint "is frivolous," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief," *see* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

## DISCUSSION

### I.    Judicial Immunity

Judges are absolutely immune from suits for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *accord Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven*, 579 F.3d at 210. "[E]ven allegations of bad faith or malice cannot overcome judicial immunity," *id.* at 209, because

"[w]ithout insulation from liability, judges would be subject to harassment and intimidation," *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

The plaintiff asserts that Support Magistrate Mompelas entered a judgment of child support arrears based on "fraudulent pretenses," but does not say what the "pretenses" were. (ECF No. 1 at 9.) Magistrate Mompelas is entitled to judicial immunity for her decisions in connection with child support proceedings in Family Court. *Mireles*, 502 U.S. at 11 ("judicial immunity is an immunity from suit, not just from the ultimate assessment of damages"); *Sims v. Kaufman*, No. 23-CV-7927, 2024 WL 757338, at *2 (S.D.N.Y. Feb. 14, 2024) (Support Magistrate entitled to judicial immunity). The plaintiff's complaint against Magistrate Mompelas is therefore dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).[1]

## II.    Domestic Relations Abstention Doctrine

"[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593–94 (1890); *see also United States v. Windsor*, 570 U.S. 744, 766 (2013). Federal courts must abstain from exercising federal question jurisdiction over claims involving domestic relations issues such as child support. *American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990); *see also Deem v. DiMella-Deem*, 941 F.3d 618, 625 (2d Cir. 2019); *Donahue v. Pataki*, 28 F. App'x 59, 60 (2d Cir. 2002) (summary order) (federal courts lack jurisdiction over child support payments); *Dieujuste v. Sin*, No. 23-CV-7805, 2024 WL 1825403, *6-7 (E.D.N.Y. Apr. 26, 2024). Here, the plaintiff challenges the enforcement of his child support obligations. The

---

[1] The plaintiff's claims against Mark Schroeder, the Commissioner of the New York State Department of Motor Vehicles, are also barred as he is entitled to immunity under the Eleventh Amendment. *See Feingold v. State of New York*, 366 F.3d 138, 149 (2d Cir. 2004). In addition, the claims against Rachel M. Arndt, the Assistant Secretary of the United States Department of State are barred as she is entitled to sovereign immunity. *See Robinson v. Overseas Military Sales Corp.,* 21 F.3d 502, 510 (2d Cir. 1994).

3

doctrine of domestic relations abstention means that this Court does not have jurisdiction over the plaintiff's claims.[2]

**CONCLUSION**

The plaintiff's complaints are dismissed without prejudice for lack of subject-matter jurisdiction.  *See Miller v. Cnty. of Nassau*, 467 F. Supp. 2d 308, 312 (E.D.N.Y. 2006) (a dismissal "based on a finding of judicial immunity" is for lack of subject-matter jurisdiction); *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54 (1996) (claims barred by Eleventh Amendment immunity are properly dismissed for lack of subject matter jurisdiction).

The Court will not grant the plaintiff the opportunity to amend his complaint.  *See Harty v. West Point Realty*, 28 F.4th 435, 445 (2d Cir. 2022) ("A dismissal for lack of jurisdiction without leave to amend is not the same thing as a dismissal with prejudice.").  Generally, a court should grant a *pro se* plaintiff leave to amend "[i]f a liberal reading of the pleading 'gives any indication that a valid claim might be stated.'"  *Briggs v. Women in Need, Inc.*, 819 F. Supp. 2d 119, 125 (E.D.N.Y. 2011) (citations omitted).  However, "leave to amend may properly be denied if the amendment would be futile."  *Monbo v. Nathan*, 623 F. Supp. 3d 56, 143 (E.D.N.Y. 2022).  A complaint is futile when, as a matter of law, any "proposed amendments would fail to cure prior deficiencies."  *Id.*  Where the deficiencies are substantive rather than merely the

---

[2] The plaintiff's claims are also barred by the *Rooker-Feldman* doctrine, under which federal courts "lack jurisdiction over suits that are, in substance, appeals from state-court judgments."  *See Hoblock v. Albany Cnty. Bd. of Electors*, 422 F.3d 77, 84 (2d Cir. 2005).  A claim is barred under *Rooker-Feldman* if (1) the federal court plaintiff lost in state court, (2) the plaintiff complains of injuries caused by a state court judgment, (3) the plaintiff invites the federal court to review and reject that judgment, and (4) the state court judgment was rendered prior to the commencement of proceedings in the district court. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Brown v. Coffin*, 766 F. App'x 929, 931–32 (2d Cir. 2019) (*Rooker-Feldman* doctrine barred claims related to child enforcement actions such as tax return garnishment and suspension of driver's license).  Because the plaintiff seeks to overturn a judgment entered against him in Family Court concerning his child support obligations, his claims are barred by the *Rooker-Feldman* doctrine.

4

consequence of "inartful" pleading, repleading would be futile and leave to amend should be denied. *Id.* at 144. "[L]eave to amend is not warranted 'where it is clear from the face of the complaint that the Court lacks subject matter jurisdiction or that a claim cannot be stated as a matter of law.'" *Hardie v. United States*, 501 F. Supp. 3d 152, 162 (E.D.N.Y. 2020) (citations omitted).

An amendment cannot reasonably be expected to cure the substantive defects that require dismissal now — specifically, lack of subject-matter jurisdiction — so granting leave at this juncture would be futile. *See, e.g.*, *Dixon v. Raymat*, No. 22-CV-10910, 2023 WL 2917309, at *5 (S.D.N.Y. Apr. 11, 2023) (denying *pro se* plaintiff leave to amend where plaintiff's claims were barred by judicial immunity). Under these circumstances, repleading would be futile, and the complaint is dismissed without leave to amend.

The Clerk of Court is respectfully directed to enter judgment, mail a copy of this Memorandum and Order to the *pro se* plaintiff, and note the mailing on the docket.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith, and therefore, IFP status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S.438, 444–45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
      September 5, 2024

5